(Hamilton Co. Common Pleas, June, 1893.)

## BERWANGER v. BRISTOL.

*Replevin*—Meaning of words, "value so assessed" in replevin suits—The words "so assessed" in Sec. 5280 R. S. mean the value assessed by the judgment against the defendant rendered on the verdict of the jury.

SAYLER, J.

In proceedings in replevin it is provided by section 5820, as amended April 3, 1891 (28 Ohio Laws 274), that the "defendant may, at any time within five days after the property is taken, execute an undertaking to the plaintiff. with one or more sufficient sureties, in at least double the value of the property taken, conditioned that in case the judgment be against him, he shall then return the property taken, or pay the value so assessed, at the election of the plaintiff. and also pay the damages assessed for the taking " etc., whereupon the property shall be retained by the defendant until the determination of the action.

It is contended by the plaintiff herein that the words "the value so assessed" refer to the value assessed by the appraisers, sworn by the officer under section 5821, and that, in the event the jury find the right of property in the plaintiff, the judgment shall follow in the amount so fixed by such appraisers.

I cannot agree with such contention. It seems to me the "value so assessed" is the value assessed by the judgment against the defendant, rendered on the verdict of the jury in the trial, and that by such verdict, the jury shall assess the value of the property on the evidence submitted as to such value.

Section 5821 expressly provides that the value assessed by the appraisers is for the purpose of fixing the amount of the under taking. This section remains unchanged. That was its exclusive purpose before the amendment of section 5820, and I find nothing in the amendment which would extend its provision.

It is claimed that the defendant, by giving the bond, agrees to the condition that the value of the property shall be that fixed by the appraisers, and that therefore he cannot be heard to say that the value so fixed is not correct. But by reference to section 5819, amended, it will appear that the bond provided to be given by the plaintiff contains the same terms, and should therefore be construed in the same manner; yet it cannot be said that the defendant is bound by the value fixed by the appraisers on which that bond is based, as he is in no way a party to it. If he were bound thereby, then he would be bound by the value fixed by the appraisers appointed by the officer in an ex parte part of the proceeding.

Section 5826 provides that when the property has been delivered to the plaintiff, and the jury find the right of property in the defendant, they shall assess the damages, which includes the value of the property. This section remains unchanged, and I do not think it was the intention to modify it by the amendment of section 5819. But further, the words "the value so assessed" in section 5819 must be construed the same, whether the plaintiff prosecute the action or fails to prosecute ; and under section. 5824 it is expressly provided that in the event the plaintiff fails to prosecute, the court shall assess to the defendant proper damages, including damages for the right of property, or possession, or both, if he prove himself entitled thereto, or cause the same to be done by a jury.

It seems to me. therefore, that the ruling made by Judge Outcalt on the motion for a new trial in the former hearing of this case was correct, and I shall follow it in this trial.

Harlan Cleveland and F. W. Brown, for Plaintiff.

Burch & Johnson, for Defendant.